IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

In Re:  LAURA L. FORTMAN )
)
And CHRIS SCHULTE, )
)
Movants. )

## MOTION TO QUASH

Come now Movants Laura L. Fortman and Chris Schulte, and for their Motion to Quash state as follows:

1. That Movants, as class members, have filed objections to the poposed settlement of a class action case entitled David Kardonick, et al., v. JP Morgan Chase & Co., and Chase Bank pending in the United States District Court for the Middle District of Florida, Case No. 10-CV-23235.

2. That as part of their objections, Movants have complained that class counsel has failed to to protect their interests by attempting to settle that action without performing any written discovery or take any depositions prior to settlement.

3. In response thereto, class counsel now seeks to depose its own class members, who it purports to represent in the above-styled action.

2. That a fairness hearing is scheduled for Thursday, September 8, 2011, in the United States District Court for the Middle District of Florida.

2. That Movant Laura Fortman was served on Friday, August 26, 2011, and Movant Chris Schulte was served on Saturday, August 27, 2011.[i]

3. That the subpoenas served upon movants refer to the Florida case number and are issued through the Missouri court, as Movants are Missouri residents.

4. That said subpoenas command Movants to appear for deposition on September 1, 2011.

5. The subpooenas are improper and this Court should quash said subpoenas for the following reasons, to-wit:

a. Rule 26(1)(j) of the Local Rules of the United States District Court for the Southern District of Florida provides as follows:

**Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within this State of any person upon oral examination shall give at least seven (7) days notice in writing to every other party to the action and to the deponent (if the deposition is not of a party), and *a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and the deponent* (if the deposition is not of a party). *Failure by the party taking the oral deposition to comply with this rule obviates the need for protective order.* (Emphasis Added).

As this matter arises out of an action pending in the United States District Court for the Southern District of Florida, the local rules pertaining to discovery disputes should be utilized. Local Rule 26(1)(j), makes it very clear that movants, as residents of another state, were entitled to 14 days notice of any deposition. That Rule further provides that the failure of the party wanting to take the deposition to comply with the notice requirement eliminates the need for the Movants to file any motion with that Court. Class Counsel has not sought any court order in Florida which would permit them to ignore the Local Rule. In fact, Class Counsel has done very little in front of the

Florida Court as this matter has been filed only for purposes of Settlement. Class Counsel cannot and should not be able to circumvent the Local Rules of the Court where the action is pending, simply by having a subpoena served through this Court. If that were permitted, Local Rule 26 of the Florida Court would be rendered useless. This Court should honor the Local Rule and find that Class Counsel has failed to comply.

b. This matter involves a proposed settlement of a class action. Movants are each members of the class and have filed objections in the manner required by the Notice of Settlement they received. There have been no allegations that Movants are not class members or lack standing for any other reason. They have filed comprehensive objections through an attorney admitted to practice in the Florida Court. There is simply no purpose for these depositions other than to harass and intimidate movants for exercising their constitutional right to object to a settlement they find inadequate and unfair. It is interesting to note that no other depositions have been taken while the matter has been pending in Florida. Now, faced with the objections of class members, Class Counsel serves them with subpoenas demanding they appear in less than a week for deposition. Such conduct should not be condoned by this Court or any other Court because of the chilling effect it would have on parties objecting to settlements they believe to be unfair to the class. These objections serve a purpose in that it permits the Court to fully evaluate the settlement in terms of adequacy and fairness.

c. Class counsel has failed to seek relief from the trial court in Florida in order to shorten time for which the deposition could be taken. It is likely that class counsel

seeks to avoid this dispute in the trial court because they have failed to litigate any discovery matters whatsoever in front of that court.

    d. Fed R. Civ. P. 45 (c) (3) (A) (I) requires that a subpoena be quashed when it fails to allow a reasonable time to comply. Movants were served three business days prior to the scheduled depositions. Florida Local Rule 26 deems that Fourteen (14) days is the minimum reasonable time required for a subpoena outside of that district. While the United States District Court for the Eastern District of Missouri has no specifically prescribed time, the State of Missouri requires at least seven (7) days notice for attendance at a deposition. Mo. R. Civ. P. 57.03 (b) (1).

    e. At very least, this Court should quash the subpoenas until the trial court in Florida has issued an Order allowing class counsel to proceed with the depositions.

    WHEREFORE, for the foregoing reasons, Movants pray this Court enter its Order Quashing the Subpoenas served upon them and for such other relief the court deems just and proper.

---

[i] Another objector, Douglas Paluczak, has not been served as of the time of filing this Motion. Movants reserve the right to add Mr. Paluczak to this motion in the event that he is served with a similar subpoena.

LAW OFFICE OF JONATHAN E. FORTMAN, LLC

By *Jonathan E. Fortman*
Jonathan E. Fortman #40319MO
Attorney for Movants
79 Hubble Dr., Suite 101
Dardenne Prairie, Missouri 63368
(314) 522-2312
(314) 524-1519 Fax
fortmanlaw@sbcglobal.net