IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

In Re: LAURA L. FORTMAN )
)
And CHRIS SCHULTE, ) Case No. 4:11-mc-00516
)
Movants. )
)

## MEMORANDUM OF LAW IN RESPONSE TO MOTION TO QUASH

Come now the Class Representatives, by and through their attorneys, Carney Williams Bates Pulliam & Bowman, PLLC ("Carney Williams" or "Class Counsel"), and for their Response to the Motion to Quash, state as follows:

Movants here, Laura L. Fortman and Chris Schulte (collectively "Movants"), seek relief from valid subpoenas issued by Eastern District of Missouri. As set forth herein, the subpoenas are valid, comply with the Local Rules of this Court, and are properly enforceable. Accordingly, Movants' Motion should be denied, and the Movants should be compelled to appear for deposition immediately.

### Background of the Chase Settlement.

The matter at bar arises from the settlement of a class action lawsuit against JPMorgan Chase & Co. and Chase Bank USA, N.A. ("Chase"). The settlement is the product of years of related litigation, months of investigation into the unique practices of Chase, the filing of numerous actions including *Kardonick v. JPMorgan Chase & Co.*, No. 1:10-cv-23235 (S.D. Fla. Sept. 8, 2010); *David v. JPMorgan Chase & Co.*, No. 4:10-cv-1415 JMM (E.D. Ark. Sept. 24, 2010); *Clemins v. JPMorgan Chase & Co.*, No. 2:10-cv-00949 CNC (E.D. Wis. Oct. 21, 2010), and considerable discovery. Generally speaking, this collection of cases pursued various causes of action for damages caused by Chase's administration of the Payment Protection product it offered in connection with credit cards. The proposed settlement was preliminarily approved by

United States District Court Judge William Hoeveler of the Southern District of Florida on December 21, 2010, and is set for final hearing next week.

### Movants Object to Settlement and Seek Appointment as Class Representatives.

In response to the individual notice afforded potential class members under the terms of the Preliminary Approval Order, Florida attorneys Matt Weinstein and Paul M. Kade filed objections on behalf of three individuals, including the Movants and Douglas Paluczak.[1] In addition to appearing as objectors to the settlement, movants here seek the extraordinary remedy that they be appointed as class representatives in litigation where they played no role. Faced with this unique request, Class Counsel contacted Messrs. Weinstein and Kade for further information regarding the objection, and to inquire as to available deposition dates for their clients. Mr. Weinstein responded by requesting that Class Counsel contact attorney John C. Kress. Mr. Kress refused to accept service of the subpoenas on behalf of Movants and Mr. Paluczak, and a process server was retained to accomplish this task. Following effective service, Movants filed the present Motion to Quash on the day preceding the scheduled depositions.

### Argument.

Movants' principal argument is that the Local Rules for the Southern District of Florida, which require 14 days notice for scheduling depositions, render the present subpoenas unenforceable. However, there is little reasonable dispute that the Local Rules for the Southern District of Florida are inapplicable here. Rule 45 of the Federal Rules of Civil Procedure is unequivocal that a "subpoena **must** issue . . . for attendance at a deposition, from the court for the district where the deposition is to be taken." (Emphasis added). Because Movants are residents of the St. Louis area, the subpoenas in question were properly issued from the Eastern

---

[1] Despite days of repeated efforts by Class Counsel, Mr. Paluczak has avoided service, and accordingly is not a movant here.

2

District of Missouri, and accordingly, it is the Local Rules of this Court which are pertinent. Contrary to the Movants' assertions, relief from the Local Rules of the Southern District of Florida was neither necessary nor proper.

Moreover, it is entirely appropriate for a party to seek discovery from a non-party to, among other things, ascertain the basis for the objection. *See* generally Fed. R. Civ. P. 30(a)(1)("a party may, by oral questions, depose any persons, including a party, without leave of court . . . "). Indeed, in a hearing Tuesday, August 30, 2011 in the United States District Court for the Northern District of Texas, District Judge Judge Sam A. Lindsay rejected substantively identical arguments offered by related objectors to the Chase Settlement and compelled depositions.[2] *See* attached Exhibit A. *See also Fleury v. Richemont North America, Inc.*, 2008 WL 4680033, at *8 n.3 (N.D. Cal. Oct. 21, 2008) (citing objector's deposition testimony in granting request by settling class plaintiffs for objector to post bond); *Warren v. City of Tampa*, 693 F.Supp 1051, 1060 (M.D. Fla. 1988) ("Counsel for the parties deposed the objectors to determine the basis of the objections.")

Accordingly, Class Counsel's efforts here are neither extraordinary, nor designed to harass. Instead, to be fully prepared to respond to inquiries from Judge Hoevler at the final approval hearing, Class Counsel has an obligation to inquire as to the validity and standing of the movants. For example, there is considerable question as to whether movant Schulte has standing to object to the proposed settlement. Marc Fink, Chase's Marketing Director for payment protection product, states in paragraph 31 of his Declaration attached to Defendants' Memorandum in Support of Final Approval, that "[a]ccording to Chase's records, Chris Schulte

---

[2] Curiously, the objector who was deposed Tuesday afternoon following the denial of the motion to quash testified that she had no personal basis for the settlement independent of her counsel, and that she would require "at least 100 percent" of her claimed damages before considering a settlement to be fair.

3

did not pay any payment protection fees." *See* attached Exhibit B. Obviously, if not a member of the Class, Chris Schulte has no standing to object. *See Mayfield v. Barr,* 985 F.2d 1090, 1092 (D.C. Cir. 1993) ("Those who are not class members, because they are outside the definition of the class or have opted out," lack standing to object to a class action settlement.)

Similarly, in light of the unique circumstances surrounding the enrollment of Laura Fortman in the payment protection plan, Class Counsel is entitled to inquire as to the basis of her objection. More particularly, based on information obtained from Chase, Fortman was enrolled in the payment protection plan from May, 2004 to May, 2005. It appears, that absent a settlement, Ms. Fortman's claims would be barred by applicable statutes of limitation. (*See, e.g.,* Mo. Rev. Stat. 516.120(2) (5 year statute of limitations) and Del. Code Ann. Title 10, Section 8106) (3 year statute of limitations.) It is appropriate for Class Counsel to inquire as to the motivation for an objection to a settlement that constitutes the sole means of recovery for Ms. Fortman.[3]

Finally, such conclusion is bolstered by the fact that movants seek to become class representatives, a role the may require considerable time commitment, and an understanding of fiduciary obligations to the class.

Conclusion

Based on the foregoing, the Motion to Quash should be denied.

---

[3] Interestingly, according to Chase's records, Mr. Paluczak paid a total of $0.61 in payment protection fees, of which $0.42 were refunded. *See* Fink Declaration at paragraph 30, Exhibit B. There is considerable confusion regarding the motivation of an objector who stands to recover 173 times his "damages," before fees and expenses.

4

Dated: September 1, 2011

Respectfully submitted,

Curtis L. Bowman
J. Allen Carney
Randall K. Pulliam
CARNEY WILLIAMS BATES PULLIAM
& BOWMAN, PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
Tel: (501) 312-8500
Fax: (501) 312-8505

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of September, 2011, the above and foregoing document was sent via electronic and U.S. Mail to:

Jonathan E. Fortman
LAW OFFICE OF JONATHAN E. FORTMAN, LLC
79 Hubble Drive, Suite 101
Dardenne Prairie, Missouri 63368
fortmanlaw@sbcglobal.net

Matt Weinstein
9200 South Dadeland Blvd., Suite 400
Miami, FL 33156
mattwlaw@yahoo.com

John C. Kress
THE KRESS LAW FIRM, LLC
4247 South Grand Boulevard
St. Louis, Missouri 63111
jckress@thekresslawfirm.com

Robert D. Wick
Covington & Burling, LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20001
rwick@cov.com

James Allen Carney